SHAW, Judge,
concurring in the result.
The City of Pelham points out in its brief to this Court that the following colloquy between Woodruff and the trial judge took place during sentencing:
“[THE COURT:] The Court notes the presence of Mr. Woodruff who has elected to represent himself in this proceeding. Mr. Woodruff, even at this stage of this proceeding you have a right to have an attorney. If you cannot afford an attorney you are entitled to have one appointed to you by the State of Alabama. Do you understand that?
“MR. WOODRUFF: Yes, sir.
“THE COURT: And just as you had that right initially in the hearing and waived that right you still have that right. Do you wish to waive that right at this time and proceed to represent yourself?
“MR. WOODRUFF: Yes, sir.”
(R. 2.)
In addition, the City notes, and the record reflects, that Woodruff, a college student, is no stranger to the criminal-justice system, having been a defendant in 17 different criminal proceedings and having been represented by counsel in 10 of those proceedings. Finally, as pointed out by the City, and as reflected in the record, Woodruff demonstrated a working knowledge of the legal system and the trial process by his actions during the trial, including his objections, cross-examination *162 of a police officer, and his proffers of evidence.
I also note that Woodruff has represented himself on appeal to this Court, having apparently written his own 38-page brief attacking his conviction and sentence. In his brief, he cites relevant caselaw and argues with clarity that his conviction must be reversed because a sufficient waiver of his right to counsel does not appear on the record. All of this suggests to me that Woodruff was well aware when his case was called for trial that he had a right to counsel and that he consciously and intelligently went forward of his own accord.
I have worked diligently during my tenure on this Court to strike the proper balance under the law in cases like this one so that a defendant’s constitutional right to counsel and the integrity of the judicial process could both be protected. Although, intuitively, I strongly suspect that Woodruff is manipulating the criminal-justice system in this case and that a retrial will be a waste of valuable judicial time and resources, I have no alternative based on precedent from this Court and the sparse state of the record in this case but to concur to reverse Woodruffs conviction.
Therefore, I reluctantly concur in the result.